IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KIMBERLY HIGGINS, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. TJS-21-1492 |
| RICHARD R. BARKLEY, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \*

**MEMORANDUM OPINION**

Pending before the Court is Defendant Washington Metropolitan Area Transit Authority's ("WMATA") Motion for Summary Judgment (ECF No. 32).[1] Plaintiff has not responded to the Motion and the time to do so has expired. For the following reasons, WMATA's Motion will be granted.

**I.     Background**

Plaintiff sued Defendants Richard R. Barkley ("Barkley") and WMATA in the District Court of Maryland for Prince George's County. ECF No. 6. Plaintiff's Complaint asserts a single negligence claim against both Defendants. *Id.* According to the Complaint, on May 26, 2019, Plaintiff was a passenger in a motor vehicle driven by Barkley when it was struck by a WMATA bus. Plaintiff alleges that Barkley and WMATA were negligent in operating their motor vehicles. Plaintiff alleges that she "sustained serious and painful personal injuries to her body," including

---

[1] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct all further proceedings in this case, including trial and entry of final judgment, and conduct all post-judgment proceedings, with direct review by the Fourth Circuit Court of Appeals, if an appeal is filed. ECF Nos. 10, 28, 29 & 30. As for WMATA's cross-claim against Defendant Barkley (ECF No. 3), Judge Chasanow has referred that matter to me for a report and recommendation. ECF Nos. 29 & 30.

injuries to her neck, back, arm, head, and shoulder. *Id.* She also incurred medical expenses and suffered "pain, anguish, property damage, lost wages and other significant damages" due to the Defendants' alleged negligence. *Id.* WMATA removed the case to this Court pursuant to the WMATA Compact, *see* Md. Code., Transp. § 10-204(81) (granting original jurisdiction over suits against WMATA to the United States District Courts). ECF No. 1.

On November 29, 2021, the Court dismissed Plaintiff's claim against Defendant Barkley. ECF No. 19. The Court also entered default judgment against Defendant Barkley on the cross-claim (ECF No. 3) that WMATA had filed against him. *Id.* At the close of discovery, WMATA filed its Motion, which is now ripe for decision.

## II. Discussion

### A. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252.

The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008). A party may not rest upon the mere allegations

or denials of its pleading but instead must cite to "particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Fed. R. Civ. P. 56(c)(4).

  B.  **Choice of Law**

Under the WMATA Compact, WMATA is liable for torts that its employees commit "in the conduct of any propriety function, in accordance with the law of the applicable signatory (including rules on conflict of laws)." Md. Code, Transp. § 10-204(80); *see Robinson v. WMATA*, 774 F.3d 33, 38 (D.C. Cir. 2014). Maryland adheres to the *lex loci delicti* rule to determine the applicable law in tort actions. *Philip Morris Inc. v. Angeletti*, 358 Md. 689, 744 (2000). Under this rule, the "substantive tort law of the state where the wrong occurs governs." *Hauch v. Connor*, 295 Md. 120, 123 (1983). Because the alleged tort took place in the District of Columbia, the substantive law of the District of Columbia governs Plaintiff's negligence claim.

  C.  **Statement of Undisputed Facts**

WMATA has submitted a Statement of Material Facts Not in Dispute (ECF No. 32-2). Plaintiff has not filed a response to WMATA's Motion or its Statement of Material Facts. And because Plaintiff's Complaint is unverified, its factual assertions may not be considered in opposition to Defendants' Motion. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (explaining that, "[a]s a general rule, when one party files a motion for summary judgment, the non-movant cannot merely rely on matters pleaded in the [unverified] complaint, but must, by factual affidavit or the like, respond to the motion"); Fed. R. Civ. P. 56(c)(1)(A). Accordingly, for

the purposes of this Motion, the Court accepts the facts set forth in WMATA's Statement of Material Facts as undisputed. Nonetheless, the Court will view these facts and the inferences to be drawn from them in the light most favorable to Plaintiff. *See Scott*, 550 U.S. at 378.

In the early morning hours of May 26, 2019, an automobile operated by Defendant Barkley collided with a WMATA metrobus near the intersection of Jay Street NE and Kenilworth Terrace NE in Washington, D.C. ECF No. 32-2 ¶ 1. Plaintiff was a passenger in Barkley's vehicle. *Id.* ¶ 2. During discovery, Plaintiff asserted that the collision aggravated her neck and back injury from a 2016 automobile accident. *Id.* ¶¶ 4, 5. At the time of the 2019 collision, Plaintiff was receiving Social Security disability benefits. *Id.* ¶ 7. She was eligible for these benefits, in part, because of her back injuries and chronic pain. *Id.* Before the collision, Plaintiff sought treatment for injuries and pain in her neck, shoulder, back, head, knees, legs, and teeth. *Id.* ¶¶ 8-55. These injuries and pain required extensive treatment. *Id.* Besides the injuries that Plaintiff sustained before the collision in this case, Plaintiff was injured again in December 2019: first when her significant other struck her in the face, and next when she was involved in another motor vehicle collision. *Id.* ¶¶ 56-57.

The Scheduling Order issued in this case required Plaintiff to make Rule 26(a)(2) disclosures by February 7, 2022. ECF No. 22 at 2. Plaintiff did not designate any expert witnesses, and confirmed that she had no plans to do so in her responses to WMATA's discovery requests. ECF No. 33-2 ¶ 59.

### D. Plaintiff Cannot Prove Any Injury

WMATA argues that it is entitled to summary judgment because Plaintiff cannot prove that she was injured as a result of WMATA's alleged negligence. ECF No. 32-1 at 6-9. "As a general matter, a claim for negligence in the District of Columbia has four elements: (1) the

4

defendant owed a duty to the plaintiff, (2) the defendant breached its duty, (3) and that breach was the proximate cause of (4) damages sustained by the plaintiff." *Busby v. Cap. One, N.A.*, 772 F. Supp. 2d 268, 283 (D.D.C. 2011) (citing *Powell v. Dist. of Columbia*, 634 A.2d 403, 406 (D.C. 1993)). In her Complaint, Plaintiff alleges that she suffered personal injuries to her body, incurred medical expenses, and suffered and continues to suffer "pain, anguish, property damage, lost wages and other significant damages as a result of the defendants' negligence." ECF No. 6 ¶ 5. During discovery, Plaintiff disclosed that the collision at issue aggravated her preexisting injuries. ECF No. 32-1 at 6.

WMATA argues that although Plaintiff produced medical records to support her claim for injuries during discovery, the evidence cannot be admitted without expert testimony. ECF No. 32-1 at 7-8. Because Plaintiff alleges that the collision at issue aggravated her preexisting injuries—the existence of which is not in dispute—WMATA argues that the case presents "medically complicated questions of causation." *Id.* at 7. Under District of Columbia law, "[i]n cases presenting medically complicated questions of causation because of multiple and/or pre-existing causes for a plaintiff's injuries, expert testimony is required to avoid jury speculation." *Structural Pres. Sys., Inc. v. Petty*, 927 A.2d 1069, 1075-76 (D.C. 2007) (citing *Baltimore v. B.F. Goodrich Co.*, 545 A.2d 1228, 1231 (D.C. 1988)). Without expert testimony, a jury may not consider the causal connection between a plaintiff's claimed injury and a defendant's negligence unless "(1) the [injury] first emerged coincidentally with or very soon after the negligent act, or (2) the [injury] was of a type which by its very nature reflected its cause, or (3) the cause of the injury related to matters of common experience, knowledge, or observation of laymen." *Id.* (quoting *B.F. Goodrich Co.*, 545 A.2d at 1231 ). Because a plaintiff may only recover "for such increased or augmented sufferings as were the natural and proximate result of the negligent act," in cases involving

5

medically complicated questions of causation, a jury must be able to refer to expert testimony to determine damages. *See Williams v. Patterson*, 681 A.2d 1147, 1150 (D.C. 1996).

In this case, Plaintiff's medical injuries predate the collision. WMATA has submitted extensive evidence on this point and Plaintiff has not put this evidence in dispute. *See* ECF No. 32-2, 33, 34 & 35. Further, there is nothing about Plaintiff's medical injuries that "by [their] very nature" reflect their cause. *See Structural Pres. Sys.*, 927 A.2d at 1075-76. And because Plaintiff's injuries are complex and predate the collision at issue, the cause of these injuries lies outside the "common experience, knowledge, or observation of laymen." *Id.* As WMATA correctly states, if Plaintiff's claims are allowed to proceed to trial, "[t]he jury would have to decide whether, and how much, the symptoms of which Ms. Higgins now complains are attributable to the May 26, 2019 accident, to her six prior and one subsequent motor vehicle collisions, to her two assaults, or to her 2014 stroke." ECF No. 32-1 at 8. District of Columbia law does not permit a jury to make this decision without Plaintiff sponsoring expert testimony.

Plaintiff did not disclose any expert witnesses in accordance with the Court's scheduling order or in response to WMATA's discovery requests. ECF No. 32-1 at 9. Because Plaintiff has not designated any experts and has not disclosed their opinions in accordance with the Court's orders and the governing rules, she will not be permitted to rely on expert testimony at trial. Without expert testimony at trial, Plaintiff will not be permitted to submit her "medically complicated questions of causation" to the jury. Thus, no reasonable jury could find that Plaintiff suffered any medical injuries as a result of the collision in this case. Accordingly, Plaintiff will be unable to prove any medical injuries at trial.

The Court has reviewed all of the exhibits submitted in connection with WMATA's Motion. These exhibits include an excerpt from Plaintiff's deposition, Plaintiff's answers to

WMATA's interrogatories, and Plaintiff's medical records from treatment that occurred between 2012 and 2019. These exhibits document Plaintiff's medical injuries but make no mention of any other, non-medical injuries that Plaintiff incurred. Accordingly, on the record before the Court, no reasonable jury could find that Plaintiff suffered any non-medical injuries caused by the collision in this case.

Plaintiff did not oppose WMATA's Motion. The only evidence before the Court about Plaintiff's injuries concerns medical injuries for which Plaintiff cannot recover without expert testimony. Plaintiff's failure to designate experts as to her medical injuries, and her failure to produce any evidence showing that she suffered any other injuries, requires this Court to find that WMATA is entitled to judgment as a matter of law on Plaintiff's negligence claim.

### III. Conclusion

For these reasons, WMATA's Motion for Summary Judgment (ECF No. 32) is **GRANTED**. By separate Order, the Court will enter summary judgment in favor of WMATA.

<u>August 19, 2022</u>          <u>        /s/              </u>
Date                                      Timothy J. Sullivan
                                          United States Magistrate Judge